FILED
CLERK, U.S. DISTRICT COURT

AUG 30 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 17CR0547-MWF |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2(a): Aiding and Abetting] |
| JASON NEWLING, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. §§ 1343, 2(a)]

A.  INTRODUCTORY ALLEGATIONS

1.  At all times relevant to this Indictment:

    a.  Defendant JASON NEWLING ("NEWLING") was a resident of Hermosa Beach and Rancho Palos Verdes, California, both in Los Angeles County, within the Central District of California.

    b.  Defendant NEWLING ran a payroll processing business out of offices in Hawthorne, California and Las Vegas, Nevada, operating the business under various names including Aloha HR, Ohana Holdings, Tides Staffing, and Outer Reef (together, "ALOHA").

B.  THE FRAUDULENT SCHEME

2.  Beginning no later than in or about June 2015 and continuing through at least in or about August 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant NEWLING, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud ALOHA clients as to material matters and to obtain money and property from ALOHA clients by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.  The fraudulent scheme operated, in substance, in the following manner:

   a.  Defendant NEWLING recruited potential clients by telling them, and directing others to tell them, that ALOHA would handle clients' payroll, including paying payroll taxes and other taxes on a timely basis.

   b.  Defendant NEWLING told clients, and directed others to tell clients, that client money transferred to ALOHA for payroll and tax purposes would be maintained in a client trust account and used for those purposes only.

   c.  Instead of paying taxes, defendant NEWLING used client money for personal expenses.

   d.  In order to conceal and continue the scheme, defendant NEWLING falsely told clients that their taxes had been paid when they had not, and directed others to give clients false information regarding tax payments. Additionally, when clients demanded their money back, defendant NEWLING stopped returning phone calls, and directed others to do the same.

   e. After clients obtained civil judgments against ALOHA as a result of the clients' taxes not being paid, defendant NEWLING moved money between and among bank accounts, opened new bank accounts, and took other steps to avoid paying those judgments, in order to allow him to retain the money he stole from clients, to continue the scheme using new bank accounts, and to further conceal the scheme from clients and hide his involvement in it.

C. <u>THE USE OF INTERSTATE WIRES</u>

  4. On or about February 3, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant NEWLING, together with others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, transmitted, caused the transmission of, and aided and abetted the transmission of, by means of wire and radio communication in interstate and foreign commerce, a wire transfer in the approximate amount of $127,785 from an account at Bank of America, N.A. to an

//
//
//
//
//
//
//
//
//
//
//

account at JPMorgan Chase Bank, N.A. through the interstate Fedwire system.

A TRUE BILL

/S/
_____
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

JILL FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section