```
                                        FILED
                               CLERK, U.S. DISTRICT COURT

                                     9/26/2017

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY:      CW      DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-547-MWF |
| Plaintiff, | PROTECTIVE ORDER FOR DISCOVERY |
| v. | |
| JASON NEWLING, | |
| Defendant. | |

Having reviewed and considered the parties' Stipulation re: Protective Order for Discovery filed on September 25, 2017, the Court hereby finds, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that there is good cause for the Court to exercise its discretion to restrict discovery and inspection of certain confidential information, as further described below, and to grant such relief as is necessary to ensure the confidentiality of the foregoing.

///

///

THEREFORE, IT IS HEREBY ORDERED as follows:

1. For the purposes of this Order, the term "Confidential Information" means any personally identifying information including without limitation social security numbers, dates of birth, places of birth, driver's license numbers, names, addresses, phone numbers, credit and/or debit card numbers, account numbers, and physical descriptions such as height and weight. It also includes: (a) any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7); (b) any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1); and (c) any and all other similar personal or sensitive identification information.

2. All documents in any form (e.g., printed or digital) that contain Confidential Information are covered by this Stipulation. The government shall identify all materials subject to the Protective Order, which are provided to the defense team by the United States Attorney's Office for the Central District of California in the instant criminal case, by marking "Confidential" or "Confidential – Subject to Protective Order" or by identifying them by Bates number or disc or drive number, or by some other identifiable means.

3. Defense counsel may not disclose any Confidential Information to any other person or entity, except for those individuals listed in paragraph 4 below, absent express written permission from the government or order from the Court authorizing such disclosure. Defense counsel is prohibited from providing defendant, or causing defendant to be provided, with

any Confidential Information and shall not let defendant look at or review any Confidential Information, except in redacted form and except when in counsel's presence or the presence of a paralegal, expert or investigator working with counsel on the case.  Defendant shall not maintain, retain, or keep a copy of any Confidential Information.  Defendant shall not write, make, or retain, or cause any person other than defense counsel to write, make, or retain, any notes that include any Confidential Information.  Defendant shall at no time have access to any Confidential Information, except in redacted form and in the presence of his attorney, a paralegal, investigator, or other staff person employed by his attorney.

   4. Defense counsel may permit a paralegal, expert, investigator, or other staff person employed by counsel's office to view Confidential Information, but all such individuals must review and agree to be bound by the parties' Stipulation and the Protective Order.  Further all such individuals, similar to defense counsel, are prohibited from disseminating or disclosing to any other person or entity, including defendant, any Confidential Information, absent prior express written permission from the government or a court order authorizing such disclosure.  Nothing in this paragraph shall be read to preclude defense counsel, or any paralegal or staff member employed by defense counsel's office, from making copies of Confidential Information for the purpose of preparing for trial in this case. Moreover, nothing in this paragraph shall restrict defense counsel, or any paralegal, expert or investigator working with defense counsel, from reviewing the content of any Confidential

Information with any witness or potential witness in connection with preparing for trial in this matter.  Before being shown any Confidential Information, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the parties' Stipulation and this Protective Order.  Further, witnesses and potential witness may not retain Confidential Information, or any reproduction or copy thereof, after his or her review of documents with defense counsel is complete.  In addition, witnesses and potential witness may not write, make, or retain any notes, or cause any person other than defendant's attorney to write, make, or retain any notes that include any Confidential Information.

    5.   Defense counsel and any other individual subject to this Protective Order that has received Confidential Information in connection with this case shall use Confidential Information for the purposes of this case only.  Upon the final disposition of this case, and following any appellate or post-conviction proceedings, defense counsel and any other individual subject to this Protective Order who has received Confidential Information shall immediately cease using Confidential Information and shall not thereafter use Confidential Information in any way for any reason, absent the express written agreement of the government or an order by this Court.  Upon the final disposition of this case, defense counsel shall, within ten business days:
(a) return to the government all documents containing Confidential Information and any copies of such documents, in whatever form (e.g., printed or digital), and whether held by defense counsel or paralegals, experts, investigators or other

individuals working with defense counsel; and (b) certify in writing that she has complied with the terms of this provision.

6. Individuals subject to this Protective Order may not file any document containing Confidential Information without first redacting the Confidential Information or obtaining a court order allowing an unredacted version of the document to be filed under seal. All documents containing Confidential Information filed in connection with any court filing shall comply with Local Rule 79-5.

7. Individuals subject to this Protective Order shall at all times maintain all Confidential Information, in any form, in a secure area and shall exercise reasonable care in ensuring the continued confidentiality of all Confidential Information.

8. In the event that new counsel substitutes for current defense counsel in this case, new counsel must join the Stipulation and agree to be bound by this Protective Order before any documents containing Confidential Information may be transferred from undersigned counsel to new counsel, who shall then become responsible for returning all documents containing Confidential Information to the government upon the conclusion of appellate and post-conviction proceedings.

IT IS SO ORDERED.

DATED: September 26, 2017

_____
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE