SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KERRY L. QUINN (Cal. Bar No. 302954)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5423
    Facsimile: (213) 894-6269
    E-mail:     Kerry.L.Quinn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-547-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JASON NEWLING, | |
| Defendant. | **CURRENT TRIAL DATE:** 11/07/2017<br>**PROPOSED TRIAL DATE:** 03/06/2018 |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Kerry L. Quinn, and defendant JASON NEWLING ("defendant"), both individually and by and through his counsel of record, Brett Greenfield, Esq., hereby stipulate as follows:

    1.   The Indictment in this case was filed on August 30, 2017. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 1, 2017. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 8, 2017.

2. On September 11, 2017, the Court set a trial date of November 7, 2017, and a status conference for September 25, 2017.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five to six days.

4. By this stipulation, defendant moves to continue the trial date to March 6, 2018, and asks for a status conference to be scheduled on February 26, 2018.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 1343: Wire Fraud. The government has produced discovery to the defendant, comprising approximately 50,000 pages, including agent reports, recordings, transcripts of recordings, voluminous bank records, tax-related documents, documents from witnesses, and other documents collected in the course of the investigation. The investigation in this case is ongoing with respect to additional possible charges and defendants, and thus discovery is ongoing.

    b. Defense counsel also has other active matters preventing full preparation of this matter on the original schedule, including the following trials and other case-related matters scheduled in the upcoming months:

        i. United States v. Fisher, 1:16-CR-717 (N.D. Ill.), a sentencing hearing scheduled for November 14, 2017, in a fraud and money laundering case with significant sentencing exposure.

   c. In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. At the September 25, 2017 status conference, the Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived his right to be brought to trial earlier than March 6, 2018.

   e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 25, 2017 to March 6, 2018, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

3

(h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 12, 2017        Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
KERRY L. QUINN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am JASON NEWLING's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 6, 2018 is an informed and voluntary one.

_____  10/23/17
BRETT GREENFIELD, ESQ.     October __, 2017
Attorney for Defendant
JASON NEWLING

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 6, 2018. I understand that I will be ordered to appear in Courtroom 5A of the First Street Courthouse, 350 West First Street, Los Angeles, California 90012 on March 6, 2018 at 8:30 am.

_____  10/23/2017
JASON NEWLING              October __, 2017
Defendant

5